IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

COMCAST CABLE COMMUNICATIONS )
MANAGEMENT, LLC, )
)
    Plaintiff, )
)
v. )
) CASE NO. CV408-158
COASTAL UTILITIES, INC., and )
COASTAL COMMUNICATIONS, INC., )
)
    Defendants. )
)

## O R D E R

The Court has been advised by counsel for the parties that the above-captioned civil action has settled. The Court has already accepted the settlement and dismissed the case with prejudice, retaining jurisdiction for thirty (30) days to enforce the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). The parties have filed a request for this Court to retain permanent jurisdiction to enforce the settlement agreement. (Doc. 33 at 1.)

Courts do not have inherent jurisdiction over the enforcement of settlement agreements; rather they must expressly retain such jurisdiction. Kokkonen, 511 U.S. at 381. This is because settlement agreements are contracts, and contract disputes occur under state law. Id. The normal practice of this Court is to retain jurisdiction for thirty days to enforce

a settlement agreement. The parties have not offered a compelling reason as to why this Court should deviate from its normal practice.[1] After careful consideration, the Court sees no reason to retain permanent jurisdiction in this case. The Motion to Retain Permanent Jurisdiction is **DENIED**.

SO ORDERED this 8th day of December, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This Court has read the parties settlement agreement, in which Coastal agrees to cease and desist from certain advertising practices. (Doc. 33 at 3.) This Court makes clear that in accepting the settlement agreement, it did not read this language to be a permanent injunction, and has not entered a permanent injunction. To the Court's understanding, the settlement agreement is a contract between private parties restricting Defendants' advertising practices. While this Court retains limited permanent jurisdiction to enforce any permanent injunctions it enters, it has not entered such an injunction here. See Wesch v. Folsom, 6 F.3d 1465 (11th Cir. 1993).

2